**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------------X   Case No.

RONALD VIERA, DASHAMIR KAJA, JOSE VAZQUEZ,
and JOSE UMANA, individual and on behalf of other
employees similarly situated,                                       **COMPLAINT**

                                        Plaintiffs,          Jury Trial Demanded

                  -against-

V.N.A. UTILITY CONTRACTING CO., INC. and
ANTHONY NACCARATO,

                                        Defendants.
--------------------------------------------------------------------------X

      Plaintiffs, RONALD VIERA, DASHAMIR KAJA, JOSE VAZQUEZ, and JOSE

UMANA, by the undersigned attorneys, for their class action complaint against Defendants,

alleges upon information and belief, except as to the allegations that pertain to Plaintiffs that are

alleged upon personal knowledge, as follows:

PRELIMINARY STATEMENT

      1.     Plaintiffs bring this action, on behalf of themselves and other similarly situated

employees, to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201,

et seq. ("FLSA"). Plaintiffs seek, for themselves and similarly situated employees, declaratory

and injunctive relief, unpaid wages, unpaid overtime, liquidated damages, reasonable attorneys'

fees, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and

217, and other applicable federal law.

      2.     Plaintiffs also bring this action, on behalf of themselves and other similarly

situated employees, to remedy violations of the New York Labor Law §§ 190 et seq, and §§ 650

et seq. ("NYLL") and New York State common law.  Plaintiffs seek for themselves and similarly situated employees, declaratory and injunctive relief, unpaid wages, unpaid overtime, reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to NYLL §§ 198, 663, and New York State common law.

3.      Plaintiffs seek to bring this action on behalf of themselves and other similarly situated employees as a collective action pursuant to 29 U.S.C. § 216(b) and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

JURISDICTION AND VENUE

4.      Jurisdiction of the Court over Plaintiffs' FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.      Jurisdiction of this Court over Plaintiffs' state law claims is invoked pursuant to NYLL §§ 198, 663, and 28 U.S.C. § 1367(a), in that the state law claims are so related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

6.      Venue is proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

PARTIES

7.      Plaintiff RONALD VIERA ("VIERA") resides in the County of Kings in the State of New York.  At all relevant times, VIERA was employed by Defendants V.N.A. UTILITY CONTRACTING CO., INC. ("V.N.A.") and ANTHONY NACCARATO ("NACCARATO") (collectively referred to as "Defendants").

8.      Plaintiff DASHAMIR KAJA ("KAJA") resides in the County of Kings in the

Page 2

State of New York.  At all relevant times, KAJA was employed by the Defendants.

9.      Plaintiff JOSE VAZQUEZ ("VAZQUEZ") resides in the County of Bronx in the State of New York.  At all relevant times, VAZQUEZ was employed by the Defendants.

10.     Plaintiff JOSE UMANA ("UMANA") resides in the County of Queens in the State of New York. At all relevant times, UMANA was employed by the Defendants.

11.     Defendant V.N.A. is a New York corporation doing business in New York with a registered address for service of process at 1037 61st Street, Brooklyn, New York 11219. Therefore, V.N.A. is an "employer" within the definition of 29 U.S.C § 203(d) and NYSLL §§ 190 and 651.

12.     Defendant NACCARATO is an individual doing business in New York City, and upon information and belief, was at all relevant times the president, owner and/or officer of V.N.A.  At all relevant times, NACCARATO had control over the employment practices of V.N.A. and was responsible for the wage and hour practices complained of herein.  Therefore, NACCARATO is an "employer" within the definition of 29 U.S.C § 203(d) and NYSLL §§ 190 and 651.

13.     Upon information and belief, the Defendants, through unified operations and common control, constitute an "enterprise" within the meaning of 29 U.S.C § 203(r).  Upon information and belief, the Defendants individually and collectively constitute an "enterprise engaged in commerce" within the meaning of 29 U.S.C § 203(s)(l).

FACTUAL ALLEGATIONS

14.     The Defendants operate a utility contracting business in the greater New York City area.

15.    The Defendants perform roadway excavations, construction, and backfilling on various roadways and sidewalks located within the City of New York under contract with one or more utility companies.

16.    Throughout their employment with the Defendants, Plaintiffs and other similarly situated employees for the Defendants worked in various roadway excavation and backfilling projects under the job title of "laborer." Plaintiffs' rates of pay were determined by their time on the job and whether they were members of the Laborers' Union Local 731 ("Local 731"). Upon entry into Local 731, Plaintiffs' hourly rates of pay were determined by the collective bargaining agreement between Local 731 and Defendants. Plaintiffs' individual rates of pay during all relevant times are further detailed below. Except as otherwise set forth herein, Defendants treated Plaintiffs and other similarly situated employees identically.

17.    Plaintiffs and other similarly situated employees regularly worked Monday through Friday and periodically on Saturdays and/or Sundays. Plaintiffs and other similarly situated employees were required to arrive at Defendants' facilities at 1037 61st Street in Brooklyn, New York, at 6:30 a.m. Their attendance was noted by the Defendants' foreman, who as a matter of practice noted their start time as 8:00 a.m.

18.    Before being dispatched into the field, Plaintiffs and other similarly situated employees prepared Defendants' vehicles, tools, and materials for the day's work. Thereafter, Plaintiffs and other similarly employees were dispatched to work sites in various locations throughout the city.

19.    The work performed by each Plaintiff is more fully described below. However, the work consisted broadly in the excavation of roadways and sidewalks, the laying of pipes, and

the backfilling and resurfacing of roadways and sidewalks.

20.    Each plaintiff typically performed one or two jobs per day as part of a team of laborers, driver, and back hoe operator. The time for completion of each job would vary, but was typically several hours. Plaintiffs were typically not afforded time for lunch; when they had time for lunch, it was generally fifteen minutes or less. On all workdays, however, one-half hour was deducted each day from Plaintiffs' pay for lunch.

21.    Upon completion of their job assignments, Plaintiffs returned to the Defendants' facilities. This typically occurred about 4:30 or 4:45 p.m.. Upon return to the yard, crew members removed the compressor from the truck. If crews arrived before 4:30 p.m., they cleaned the yard. However, Plaintiffs and other similarly situated workers were "clocked out" at 4:30 p.m. On occasion, the crews completed their work early and were discharged early. On these occasions, their hours were reduced accordingly. On other occasions, the crews would return late from their respective worksites and consequently complete the removal of compressors from the vehicles late. If this went very late, Plaintiffs were sometimes paid in cash. However, if Plaintiffs left a few minutes late (up to 45 minutes late), Plaintiffs were paid only to 4:30 p.m.

22.    At times, Plaintiffs were required to perform emergency work on evenings or on weekends. Defendants' practice on these occasions was to pay Plaintiffs and other similarly situated workers in cash at the rate of $20.00 per hour, if the work lasted up to approximately six hours. If the work went beyond this, Defendants paid one and one-half times each worker's regular hourly rate.

23.    Plaintiff VIERA was hired by Defendants as a laborer in or about 2008. From

July 2011 through November 2016, Plaintiff was paid $38.00 per hour. In or about November 2016. VIERA's pay was increased to $40.00 per hour.

24.    Ordinarily, laborers were nominated by Defendants for membership in Local 731 between two weeks and one year after the commencement of their employment by Defendants. Labor membership includes important benefits, such as medical coverage, vacation pay, and an annuity.

25.    Despite repeated requests, however, VIERA was never nominated for union membership. Initially, Defendants told VIERA they could not afford to nominate him for union membership. In later years, they told him that he was too old, and that they had to pay too much for union members. However, throughout these years, all laborers except four recent hires were nominated for membership in Local 731. VIERA is the only black laborer. All other laborers have been either white or hispanic.

26.    Beginning in or about June or July 2016, Defendants assigned VIERA to drive a truck. Thereafter, VIERA drove a truck to work sites, where laborers loaded the truck with excavation debris; took the debris to a dump site; picked up and delivered binder material to the work sites; picked up and delivered "city top" to the work sites; assisted with flagging and cleanup of the worksites; returned the truck to the yard; and removed the compressor from the truck with the assistance of other crew members.

27.    Drivers enjoy a higher rate of pay and are eligible for membership in a different union, Teamsters Local 282 (" Local 282"). Furthermore, upon information and belief, it is a violation of the collective bargaining agreement with Local 282 to have a laborer serve as a driver. Nevertheless, Defendants continued to classify VIERA as a laborer, and VIERA was at

no time paid as a driver, nor was he offered membership in Local 282.  Furthermore, as stated hereinabove, in addition to driving, VIERA continued to perform laborer duties such as flagging and cleanup of the worksite.

28.    Defendants took measures to conceal from Verizon and from Local 731 and Local 282 the fact that VIERA was working without union membership as both a laborer and a truck driver.  On one occasion in or about 2014, VIERA was told by Defendants to wait on the street corner because union delegates were at the job site.

29.    VIERA was injured while working on December 20, 2016, when he was struck while shoveling debris by a private passenger vehicle.  VIERA has been unable to work since that date, and has a claim for workers' compensation currently pending against Defendants.

30.    Plaintiff VAZQUEZ was hired as a laborer by Defendants in or about April 2003.  From July 2011 through November 2016, VAZQUEZ was paid between $38.20 per hour and $40.50 per hour.  In or about November 2016. VIERA's pay was increased to $40.00 per hour.  VAZQUEZ was terminated in or about June 2016.

31.    Plaintiff KAJA was hired as a laborer by Defendants in or about 1997.  From 2011 through November 2016, KAJA was paid approximately $38.00 to $39.00 per hour.  KAJA was terminated on December 22, 2014.

32.    Plaintiff UMANA was hired as a laborer by Defendants in or about May of June 2013.  In 2015 through June 28, 2015, UMANA earned $39.85 per hour.  Beginning on June 29, 2015, UMANA earned $40.50 per hour.  UMANA was terminated in or about late July 2016.

33.    The hourly rates set forth herein are estimates based on the recollection and limited records available to the Plaintiffs at the time of preparation of the Complaint.  The

complete pay records of each plaintiff is in the possession and control of the Defendant.

34.     Upon information and belief, the Defendants do not keep and have not kept accurate time records for the hours worked by the Plaintiffs and other similarly situated employees.

35.     Upon information and belief, the Defendants did not post statutorily required notices regarding the legally and contractually required wages and overtime due to plaintiffs and similarly situated employees.

36.     Upon information and belief, the Defendants knew of and/or showed reckless disregard for the practices by which Plaintiffs and other similarly situated employees were not paid overtime for hours worked in excess of forty hours per week.  Upon information and belief, the Defendants knew of and/or showed reckless disregard for whether their practices were in violation of the FLSA, the NYLL, and other applicable labor laws and contracts.

COLLECTIVE ACTION ALLEGATIONS

37.     Upon information and belief, Defendants have, at all relevant times, employed over 19 employees who worked in the non-exempt position of laborer.

38.     Upon information and belief, the Defendants have failed to pay each of these employees overtime premiums of one and one-half times their hourly rate for hours worked in excess of forty-hours per week.

39.     The unlawful employment practices at issue with respect to the other similarly situated employees of Defendants are identical to the unlawful employment practices with respect to Plaintiffs.  In all cases, the Defendants have failed to pay the statutorily required overtime rate for all hours worked in excess of forty hours per week pursuant to FLSA and

NYLL, have failed to keep accurate time records of all hours worked by laborers, and have

known of and/or shown reckless disregard for whether these and other practices violate the FLSA

and NYLL.

  40.  Other employees currently or formerly employed by Defendants should have the

opportunity to have their claims for violations of the FLSA, the NYSLL and other state law

claims, heard.  Certifying this action as a collective action will afford other employees the

opportunity to receive notice of the action and allow them to opt in to such an action if they so

choose.

CLASS ACTION ALLEGATIONS

  41.  Pursuant to 29 U.S.C. §§ 216 and 256, consent forms executed by each Plaintiff

are annexed hereto as Exhibit A.

  42.  Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 39

as set forth above.

  43.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the named Plaintiffs

bring this action individually and on behalf of the following class of persons (the "Class"):  All

persons who have been employed as laborers by Defendants during the relevant statute of

limitations period, including any and all periods for which equitable tolling is appropriate.

  44.  The individuals in the Class identified above are so numerous that joinder of all

members of the class is impractical. Upon information and belief, for the past 6 years, at least 19

individuals have worked as laborers for the Defendants.

  45.  Questions of law and fact common to the Class include, but are not limited to, the

following:

a.   whether Plaintiffs and other similarly situated individuals have failed to receive pay at the overtime rate of one and one-half their regular hourly pay rate for each hour worked in excess of forth-hours per week;

b.   whether Defendants' acts and omissions at issue constitute willful violations of the FLSA and NYLL; and

c.   whether members of the Class have sustained damages and, if so, the proper measure of damages.

46.   The claims of the named Plaintiffs are typical of the claims of the Class in that all of the named Plaintiffs have suffered damages due to the policies and practices set forth in paragraphs 14 through 35.

47.   The named Plaintiffs will fairly and adequately protect the interest of the class. The interests of the named Plaintiffs are aligned with those of the Class, and the named Plaintiffs are represented by qualified and experienced counsel.

48.   By engaging in the policies and practices set forth in paragraphs 14 through 35, the Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive, declaratory and monetary relief with respect to the Class as a whole.

49.   Questions of the law or fact common to the members of the Class, including but not limited to, the common questions of law or fact enumerated in paragraph 44 predominate over any questions affecting only the named Plaintiffs, and a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

50.   For these reasons, the Class should be certified under Rule 23(b) of the Federal

Rules of Civil Procedure.

FIRST CAUSE OF ACTION AGAINST DEFENDANTS

(Failure to Pay Overtime Wage – FLSA)

51.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 49 as set forth above.

52.     At all relevant times, Defendants did not pay Plaintiffs at the statutorily required overtime rate of time and one-half for all hours worked by Plaintiffs in excess of forty hours per week.

53.     Upon information and belief, at all relevant times, Defendants did not pay other laborers the statutorily required overtime rate of time and one half for all hours worked in excess of forty-hours per week.

54.     The Defendants, by the above acts, have violated 29 U.S.C. § 207.

55.     Upon information and belief, said violations are willful within the meaning of 29 U.S.C. § 255(a).

56.     Plaintiffs and similarly situated employees have suffered, are now suffering, and will continue to suffer irreparable injury and monetary damages as a result of Defendants' acts and/or omissions unless and until this Court grants the Relief requested herein.

57.     No previous application has been made for the relief requested herein.

SECOND CAUSE OF ACTION AGAINST DEFENDANTS

(Failure to Pay Overtime Wage – NYLL)

58.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 56 as set forth above.

59.     At all relevant times, Defendants did not pay Plaintiffs at the statutorily required overtime rate of time and one-half for all hours worked by Plaintiffs in excess of forty-hours per week.

60.     Upon information and belief, at all relevant times, Defendants did not pay other laborers the statutorily required overtime rate of time and one-half for all hours worked in excess of forty-hours per week.

61.     Defendants, by the above acts, have violated NYLL § 652 and 12 NYCRR § 142.2.2.

62.     Defendants had no good faith basis to believe that their actions were in compliance with the law, within the meaning of NYLL § 663.

63.     Plaintiffs and similarly situated employees have suffered, are now suffering, and will continue to suffer irreparable injury and monetary damages as a result of Defendants' acts and/or omissions unless and until this Court grants the relief requested herein.

64.     No previous application has been made for the relief requested herein.

THIRD CAUSE OF ACTION AGAINST DEFENDANTS

(Discrimination in Violation of Section 1981)

65.     Plaintiffs repeat and reallege the allegations in paragraphs 1 through 64 as set forth above.

66.     Defendants have discriminated against Plaintiff VIERA on the basis of his race and/or color in violation of Section 1981 by denying him the same terms and conditions of employment available to employees who are not Black, including, but not limited to, subjecting him to disparate compensation because he is Black, and denying him the opportunity to enjoy the

privileges and advantages of union membership.

67.    As a direct and proximate result of Defendants' unlawful and discriminatory

conduct in violation of Section 1981, VIERA has suffered, and continues to suffer, monetary

and/or economic harm for which he is entitled to an award of monetary damages and other relief.

68.    As a direct and proximate result of Defendants' unlawful discriminatory conduct

in violation of Section 1981, VIERA has suffered, and continues to suffer, severe mental anguish

and emotional distress for which he is entitled to an award of monetary damages and other relief.

69.    Defendants' unlawful discriminatory and harassing conduct constitutes a willful

and wanton violation of Section 1981, was outrageous and malicious, was intended to injure

Plaintiff, and was committed with conscious disregard of Plaintiff's civil rights, entitling Plaintiff

to an award of punitive damages.

FOURTH CAUSE OF ACTION AGAINST DEFENDANTS

(Discrimination in Violation of the NYSHRL)

70.    Plaintiffs repeat and reallege the allegations in paragraphs 1 through 69 as set

forth above.

71.    Defendants have discriminated against Plaintiff VIERA on the basis of his race

and/or color in violation of the NYSHRL by denying him the same terms and conditions of

employment available to employees who are not Black, including, but not limited to, subjecting

him to disparate compensation because he is Black, and denying him the opportunity to enjoy the

privileges and advantages of union membership.

72.    As a direct and proximate result of Defendants' unlawful and discriminatory

conduct in violation of the NYSHRL, VIERA has suffered and continues to suffer monetary

and/or economic harm for which he is entitled to an award of monetary damages and other relief.

73.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the NYSHRL, VIERA has suffered, and continues to suffer, severe mental anguish and emotional distress for which he is entitled to an award of monetary damages and other relief.

## FIFTH CAUSE OF ACTION AGAINST DEFENDANTS

(Discrimination in Violation of the NYCHRL)

74.    Plaintiffs repeat and reallege the allegations in paragraphs 1 through 73 as set forth above.

75.    Defendants have discriminated against VIERA on the basis of his race and/or color in violation of the NYCHRL by denying him the same terms and conditions of employment available to employees who are not Black, including, but not limited to, subjecting him to disparate working conditions and compensation because he is Black, and denying him the opportunity to work in an employment environment free of unlawful discrimination due to his race and /or color.

76.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the NYCHRL, VIERA has suffered and continues to suffer monetary and/or economic harm for which he is entitled to an award of monetary damages and other relief.

77.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the NYCHRL, VIERA has suffered, and continues to suffer, severe mental anguish and emotional distress for which he is entitled to an award of monetary damages and other relief.

78.    Defendants' unlawful discriminatory and harassing conduct constitutes a willful and wanton violation of the NYCHRL, was outrageous and malicious, was intended to injure VIERA, and was committed with conscious disregard of Plaintiff's civil rights, entitling VIERA to an award of punitive damages.

## JURY DEMAND

79.    Plaintiffs hereby demand, pursuant to Rule 38 of the Federal Rules of Civil Procedure, a trial by jury in the above captioned action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment:

a)    declaring that the acts and practices complained of herein are in violation of the FLSA and NYSLL;

b)    declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. § 255 and NYSLL § 663;

c)    enjoining and permanently restraining the violations alleged herein;

d)    directing Defendants to make Plaintiffs and other similarly situated employees whole for all unpaid overtime wages as a result of the Angeliades Defendants' violations of the FLSA and NYSLL;

e)    directing Defendants to pay Plaintiffs and other similarly situated employees liquidated damages as provided for in 29 U.S.C. § 216(b) and NYSLL §§ 198 and 663;

f)    directing Defendants to nominate Plaintiff VIERA for membership in the Laborers' Union Local 731 or the Teamsters Local 282, as shall be consistent with VIERA's job duties, and further directing Defendants to assign Viera job duties consistent with his job title and

with the appropriate Collective Bargaining Agreement;

g)      awarding Plaintiff VIERA an amount to be determined at trial, plus prejudgment interest, to compensate VIERA for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, and other benefits of employment;

h)      awarding Plaintiff VIERA an amount to be determined at trial, plus prejudgment interest, to compensate VIERA for all non-monetary and/or compensatory damages, including, but not limited to, compensation for his severe mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

i)      awarding Plaintiff VIERA punitive damages;

j)      awarding Plaintiffs and other similarly situated employees the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. § 216(b) and NYSLL §§ 198 and 663; and

k)      granting such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        December 11, 2017

_____

CASTILLO STEPHENS LLP
By: GLENDOVAL J. STEPHENS
305 Broadway, Suite 1200
New York, NY 10007
(212) 385-1400
firm@castillostephens.com
Attorneys for Plaintiffs

Page 16